**James Howard TURNER**

v.

**The STATE OF TENNESSEE.**

No. 3:87–0152.

United States District Court,
M.D. Tennessee,
Nashville Division.

Dec. 14, 1989.

Edward M. Yarbrough and J. Russell Heldman, Hollins, Wagster & Yarbrough, Nashville, Tenn., for plaintiff.

Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Tenn., for defendant.

## MEMORANDUM

WISEMAN, Chief Judge.

This case is before the Court on remand from the Sixth Circuit and the United States Supreme Court. James Howard Turner originally sought a writ of habeas corpus from this Court pursuant to 28 U.S.C. §§ 2241(c)(3) and 2254(a) in February of 1987.[1] Turner alleged violation of his Sixth Amendment right to effective as-

sistance of counsel and his Fourteenth Amendment right to due process of law free from vindictive prosecution. This Court conditionally granted the writ, *Turner v. Tennessee*, 664 F.Supp. 1113 (M.D. Tenn.1987), and the Sixth Circuit affirmed. *Turner v. Tennessee*, 858 F.2d 1201 (6th Cir.1988). The Supreme Court, however, vacated this Court's judgment and remanded to the Sixth Circuit. *Tennessee v. Turner*, —— U.S. ——, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989). The Sixth Circuit, in turn, remanded the case to this Court. *Turner v. Tennessee*, 883 F.2d 38 (6th Cir. 1989). For the reasons stated below, this Court orders that the writ shall issue within thirty days unless the State's original plea offer of two years is reinstated for consideration by petitioner.

The underlying facts of this matter have been sufficiently reported in the prior decisions published on this case. Only the facts essential to the instant memorandum and order will be included below.

In the week preceding his trial, prosecutors offered Turner a plea bargain of a two-year unsuspended sentence in return for a plea of guilty. Turner rejected this plea offer, relying upon the advice of his attorney, a Mr. Lance Bailey of Socorro, New Mexico. At trial, Turner was convicted of one count of first degree felony murder and two counts of kidnapping. He was sentenced to life imprisonment for the murder charge, plus concurrent sentences of 40 years for each of the kidnapping charges. The trial judge granted Turner's motion for a new trial on the grounds that Turner had received ineffective assistance of counsel in making the decision to reject the two-year offer and go to trial. While Turner's case was awaiting retrial, the parties again entered plea negotiations. This time, however, prosecutors refused to offer Turner a plea of less than 20 years. After exhausting his state remedies, Turner petitioned this Court for the writ of habeas corpus.

When this petition was first considered, this Court held that ineffective advice to

---

1. This case has a long and involved history before both the Tennessee courts and the federal courts, beginning with Turner's original conviction in February of 1983. A summary of this history may be found in the Sixth Circuit's decision of October 7, 1988. 858 F.2d 1201.

reject a plea offer can infringe the right to effective assistance of counsel guaranteed by the Sixth Amendment. *See* 664 F.Supp. 1113, 1118–21. This Court also found, after *de novo* review, that the actions of Turner's counsel "were outside the bounds of reasonableness established by professional norms." *Id.* at 1121. In addition, this Court held that Turner had been prejudiced by counsel's incompetent advice in that if the advice had been reasonable, Turner probably would have accepted the plea offer. *Id.* Finally, this Court determined that an appropriate remedy for the violation of Turner's Sixth Amendment rights would be to attach a presumption of prosecutorial vindictiveness to any subsequent plea offer by the State in excess of the original two-year offer. *Id.* at 1122–26.

Now, the Supreme Court has vacated this Court's judgment and ordered that this case be reconsidered in light of *Alabama v. Smith,* —— U.S. ——, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). As explained below, this Court finds as follows: (I) *Alabama v. Smith* should not have any effect on the outcome of the instant case; (II) because this case was remanded for reconsideration in light of *Alabama v. Smith,* this Court must assume that the Supreme Court believes that *Smith* affects the instant case in some way; (III) this Court may remedy the violation of Turner's constitutional rights without reaching the issue of whether a presumption of prosecutorial vindictiveness should apply in this case; specific performance, by the State's reinstatement of the prior two-year plea offer, is an appropriate remedy in this case.

## I.

This Court's first ruling on Turner's petition for a writ of habeas corpus centered on the application of a presumption of prosecutorial vindictiveness after a defendant has been through a trial and successfully asserted that his constitutional rights were violated during the proceedings associated with that trial. This Court found that a realistic likelihood of vindictiveness existed in this case and that a rebuttable presumption of prosecutorial vindictiveness should be applied to any plea offer made by the State in excess of its previous offer of two years. *Alabama v. Smith,* on the other hand, involved possible vindictiveness on the part of a *sentencing judge.* The trial judge in *Smith* sentenced the defendant to two concurrent terms of 30 years following a plea agreement between the prosecution and the defendant. —— U.S. at ——, 109 S.Ct. at 2203, 104 L.Ed.2d at 870. After the defendant successfully withdrew his guilty plea, he went to trial, was convicted, and was sentenced by the same trial judge to concurrent life imprisonment terms plus a consecutive term of 150 years. *Id.* —— U.S. at ——, 109 S.Ct. at 2203, 104 L.Ed.2d at 871. The Supreme Court held that a presumption of judicial vindictiveness is improper "where a second sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea." *Id.* —— U.S. at ——, 109 S.Ct. at 2206, 104 L.Ed.2d at 875.

The *Smith* Court's rationale for refusing to apply the presumption of vindictiveness would not appear to apply to the instant case.

> [I]n the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation. Finally, after trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present.

*Id.* —— U.S. at ——, 109 S.Ct. at 2206, 104 L.Ed.2d at 874. These factors relied upon by the Court in *Smith* simply are not present in the instant case. The State—which brought the charges against Turner—surely gained no more knowledge of the nature and extent of the crimes charged by presenting its case to the court and jury. Likewise, the State cannot gain any greater insight into the moral character of a defendant during the relatively short duration of a trial than it has gained over the course of its extended criminal investigation. A judge who sentences a defendant after approving a plea bargain agreement has precious little contact with

that defendant. As the *Smith* Court indicates, a trial provides many more opportunities for the judge to make a personal evaluation as to the sentence which is appropriate for a particular defendant. The prosecution, however, does not reap those same benefits from a trial.

*Smith* is an important development in the Supreme Court's line of judicial vindictiveness cases because it supplements the Court's holding in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce*, the sentencing judge presided at two trials of the same defendant, while the *Smith* judge's sentencing decision was made first following a plea agreement then after a trial. As described above, the Supreme Court placed great weight on the insights possibly gained at trial by the *Smith* judge. In *Pearce* situations, however, the Court noted that "the sentencing judge who presides at both trials can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness." *Alabama v. Smith*, —— U.S. at ——, 109 S.Ct. at 2206, 104 L.Ed.2d at 874. This analysis applies by analogy to the instant case. The prosecutor who negotiates the plea agreement before both trials can be expected to operate in the context of roughly the same plea offer considerations before the second trial as he does before the first; any unexplained change in the plea offer is therefore subject to a presumption of vindictiveness.

Petitioner's case is not at all the type of situation contemplated by the *Smith* Court. Prosecutorial vindictiveness and judicial vindictiveness are not one and the same. The only mention of *prosecutorial* vindictiveness in *Smith* is in a footnote, where the Court reiterates the necessity of a realistic likelihood of vindictiveness before the presumption can be applied to prosecutorial conduct. —— U.S. at ——, 109 S.Ct. at 2205 n. 3, 104 L.Ed.2d at 873 n. 3. Referring to its earlier decision in *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), the *Smith* Court also

restated the limitation on the presumption of vindictiveness that " 'a mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule.' " —— U.S. at ——, 109 S.Ct. at 2205 n. 3, 104 L.Ed.2d at 873 n. 3, *quoting Goodwin*, 457 U.S. at 384, 102 S.Ct. at 2494. Both this Court and the Sixth Circuit relied heavily on *Goodwin* in the initial consideration of Turner's petition. That case states that "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pre-trial decision." 457 U.S. at 381, 102 S.Ct. at 2493. Nothing in the *Smith* decision in any way limits *Goodwin*. Therefore, it appears that this Court's prior decision in this case, inasmuch as it relied upon *Goodwin* for finding a presumption of prosecutorial vindictiveness, should not be affected by the recent *Alabama v. Smith* decision by the Supreme Court.

## II.

However strongly this Court may feel that its prior ruling should not be affected by *Smith*, the fact remains that a majority of the Supreme Court at least appears to believe otherwise. This Court must assume that the Supreme Court did not vacate and remand a judgment by this Court and the affirmation by the Sixth Circuit unless there was some disagreement therewith. This Court must also assume that the Supreme Court believes that the *Smith* decision in some way limits this Court's application of a presumption of prosecutorial vindictiveness to the facts of this case. Therefore, this Court will no longer rely upon the presumption of prosecutorial vindictiveness in its consideration of Turner's petition for the writ of habeas corpus.

## III.

Neither the Supreme Court nor the Sixth Circuit has disturbed this Court's prior ruling that Turner was denied his Sixth Amendment right to effective assistance of counsel when he made his decision to go to trial rather than plead guilty. Although there was no Supreme Court or Sixth Circuit precedent squarely on point, this Court

held that "an incompetently counseled decision to go to trial appears to fall within the range of protection appropriately provided by the Sixth Amendment." 664 F.Supp. at 1120–21.[2] Then, this Court reviewed the especially egregious facts in this case and determined that Turner's counsel had been both incompetent and prejudicial. *Id.* at 1121.[3] Thus it is clear that a violation of Turner's constitutional rights has occurred which must be remedied. Pursuant to the Supreme Court's remand of this case, however, that remedy now will not include any application of a presumption of vindictiveness.

■ As this Court noted in its prior opinion in this case, remedies for deprivation of the right to effective assistance of counsel should be "tailored to the injury suffered from the constitutional violation." *United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 668, 66 L.Ed.2d 564, 568 (1981). The proper approach is "to identify and then neutralize the [constitutional violation] by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial." *Id.* at 365, 101 S.Ct. at 668. In the instant case, the constitutional violation occurred when Turner was denied the opportunity to consider the State's two-year plea offer with the assistance of a competent attorney. The Sixth Circuit has already aptly noted that "the only way to neutralize the constitutional deprivation suffered by Turner would seem to be to provide Turner with an opportunity to consider the State's two-year plea offer with the effective assistance of counsel." 858 F.2d at 1208. A new trial would not in any way remedy Turner's loss of the opportunity to consider the two-year offer with effective assistance of counsel. *Id.* *See also Unit-*

*ed States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 438 (3rd Cir.1982).

In affirming this Court's first opinion in this case, the Sixth Circuit also noted that "specific performance of a plea agreement is a constitutionally permissible remedy." 858 F.2d at 1208. Therefore, although this Court initially relied on the application of a presumption of vindictiveness to the State's subsequent plea offers exceeding two years, it was not necessary to do so. Accordingly, the State is ordered to reinstate the two-year plea offer which it made to Turner preceding the trial of this action. The Court notes that it does not take this action lightly. Specific performance is at the extreme end of the range of constitutionally permissible remedies. The particularly egregious facts of this case, however, lead the Court to believe that such a remedy is appropriate in this instance.

The state trial court previously attempted to require the prosecution to reinstate the two-year plea offer, but was reversed by the Tennessee Court of Criminal Appeals. *State v. Turner,* 713 S.W.2d 327 (Tenn.Crim.App.1986). The Tennessee appellate court held that the judge's order to reinstate the offer was "incompatible with [Tennessee's] rules of criminal procedure," *Id.* at 320, and that "plea agreements are not enforceable until they are accepted by the court." *Id.* at 330. Inasmuch as this Court's opinion may be in opposition to the Tennessee Rules of Criminal Procedure, the Tennessee rules must yield to the enforcement of Turner's Sixth Amendment rights. U.S. Const. Amend. 6.

■ Of course, the trial court is not required to accept any plea agreement which may be achieved between the parties after the State reinstates its original two-year

---

See *Id.* at 1118–20 for the analysis which led this Court to the conclusion that the Sixth Amendment protects against uncounseled decisions to go to trial as well as uncounseled decisions to plead guilty. The Sixth Circuit explicitly agreed with this Court's holding on this issue. 858 F.2d at 1205.

Testimony at the state court hearing to determine whether Turner received effective assistance of counsel established that Mr. Bailey, Turner's attorney, had used cocaine and con-

sorted with prostitutes during the weekend that preceded Turner's trial rather than preparing for the trial. The testimony also revealed that Bailey had an inflated estimate of his own abilities and an unrealistic estimate of the probable outcome of the trial. *See Id.* at 1115 n. 6. *See also* Transcript of Hearing on Motion for New Trial before the Honorable Walter Kurtz in the Criminal Court of Davidson County, Tennessee, pp. 80–85; 241–42.

offer. Considerations of federal-state comity initially led this Court to require a state court hearing on the presumption of vindictiveness. Those same considerations require that the state trial judge be free to determine what sentence is appropriate for Turner. *See Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971).

## ORDER

For the reasons stated in the accompanying Memorandum, the writ of habeas corpus shall issue in 30 days unless the State of Tennessee presents its former two-year plea offer to the petitioner, James Howard Turner, for his consideration with the effective assistance of counsel. The trial judge is free to accept or reject any plea agreement offered, including the two-year plea, in accordance with applicable substantive and procedural law.

Petitioner's trial remains stayed pending execution of the terms of this Order.