James D. HARRIS, Appellee,

v.

STATE of Tennessee, Appellant.

Supreme Court of Tennessee,
at Knoxville.

April 18, 1994.

---

J. Thomas Marshall, Office of the Public Defender, Clinton, for appellee.

Charles W. Burson, Atty. Gen. & Reporter, Gordon W. Smith, Nashville, for appellant.

## OPINION

O'BRIEN, Justice.

This is an appeal by the State of Tennessee from a Court of Criminal Appeals judgment affirming an order of post-conviction relief for petitioner, James D. Harris. Relief was granted at the trial level upon a determination that defense counsel failed to timely communicate a plea offer to the petitioner. The trial court found that the defense attorneys inaction clearly amounted to ineffective assistance of counsel at the pre-trial stage of the criminal proceedings. After an evidentiary hearing the conviction was vacated and the post-conviction judge ordered the State to enter into "reasonable settlement discussions" with the petitioner and that the petitioner be given a new trial should no settlement be reached. The Court of Criminal Appeals affirmed the finding of ineffective assistance of counsel. However, the appeals court was unable to determine a jurisdictional consensus for an appropriate remedy "to meet the particular needs" of the case, and remanded the cause for further proceedings.

We granted the State's Rule 11 application to review two (2) determinative issues. First, whether the petitioner established the necessary prejudice to sustain a claim of ineffective assistance of counsel and, if so, to determine if the petitioner was entitled to post-conviction relief by virtue of his counsel's failure to communicate a plea offer made by the State prior to trial.

Appellee was indicted in Anderson County for assault with intent to commit murder. In pre-trial negotiations the defense counsel and the Assistant District Attorney General in the case discussed the possibility of defendant entering a plea of guilty. In a letter dated 12 February 1988 the State made a plea offer of a five (5) year Range I sentence, with no probation or community correction. The offer was conditioned on the defense waiving any filed motions and would be held open for only 10 days. The letter included a notation stating that if the offer was rejected defense counsel should schedule a motion hearing with the trial court. On 24 February 1988 the Attorney General was notified that defense counsel had scheduled a motion hearing and the prosecution regarded the scheduling of these motions as a rejection of the plea offer. Defense counsel testified at the post-conviction hearing that he received the prosecution's plea offer on the 17th or 18th day of February. He endeavored to inform petitioner of the offer through his parents, but did not communicate with him directly concerning the matter until later in March, 1988, after the expiration of the offer.

On 29 February 1988 the Assistant District Attorney General informed defense counsel that since no response had been forthcoming within the allotted 10 days the plea bargain offer was no longer valid and no further offers would be made. On the same date State's counsel filed notice informing the trial court and defense counsel that the State intended to seek Range II sentencing at trial.

Defendant went to trial without any knowledge of the plea offer by the State and was found guilty at trial. On or about 23 September 1988 he was found guilty and subsequently sentenced to a term of 35 years as a Range II offender. The Court of Criminal Appeals affirmed the judgment and this Court denied review. Approximately two (2) years later petitioner filed this application for post-conviction relief alleging, as pertinent to this proceeding, ineffective assistance of trial counsel for failure to inform him of the plea bargain offer made by the State prior to his trial.

The post-conviction action came on to be heard before the sentencing judge at peti-

tioner's conviction trial. This judge entered a detailed "order of recusal and opinion" in which he related, inter alia:

> The case was tried before a jury and defendant was convicted of assault with the intent to commit first degree murder. At the sentencing hearing the court found the defendant to be a Range II offender beyond a reasonable doubt ... and this Court imposed a sentence of 35 years in the State Penitentiary.... A Range II sentence for the charge was 33 years to life.... The issue of the plea offer of five (5) years was not presented for consideration on appeal.
>
> It was after the Post–Conviction hearing of December 12, 1990 that this Court developed the concern for the procedural dilemma confronting the Court. This concern is not based upon the normal reservations when prejudice and bias tugs at the conscience and begins to cloud the Courts objectivity. Rather, my concern is simply one of procedure and the important question as to what I am to do when I know, in retrospect, that I would have rejected the plea agreement addressed in the Post–Conviction Petition and thus put the defendant to trial.
>
> This is not to say, that had the five (5) year sentence plea to assault with the intent to commit First Degree Murder been rejected by the Court, that further negotiations would not have taken place. However, under the facts of the case before me, there is no indication that further pleas would have been offered by the State.
>
> Therefore, this Court must conclude that the plea offer addressed in the Petition would have been rejected by the Court and another one would not have been presented for acceptance by the State.
>
> The retrospective view is not one of vindictiveness but is one based on the aggravated facts which would have been the bases of the plea.
>
> A new trial will not address the issue raised.
>
> There is no question that the defendant was denied the opportunity of accepting or rejecting the plea and that there is a great chasm or gap in the sentence of five (5) years in the plea offer and the thirty-five (35) years imposed by the Court.
>
> If this Court sets the conviction aside and requires the District Attorney General to re-submit the plea for the Defendant's consideration, in all honesty, this Court would reject the plea, and would have originally had it been submitted to this Court.

The trial judge recused himself from further hearing of the Post–Conviction relief issue and requested the appointment of another judge to decide the procedure which is "tailored to the injury suffered," if any, by the defendant.

Another judge was appointed who entered the judgment which is the subject of this appeal. His judgment was rendered on the basis of the transcript of the original post-conviction hearing.

Defendant has consistently contended that the failure of his trial counsel to communicate the State's plea offer falls well below the objective standard of competence required of an attorney representing criminal defendants. He further contends he was manifestly prejudiced by his attorney's lack of counsel, resulting in his being tried as a Range II defendant and receiving a 35 year sentence, instead of the five (5) year sentence offered in the plea bargain agreement.

On the other hand the State contends that petitioner has failed to establish the necessary prejudice to sustain a claim of ineffective assistance of counsel. It relies on the order of the trial judge asserting that he would not have approved the plea bargain had it been submitted to him. We are of the opinion, under the facts of this case, that the State cannot prevail in its argument. We affirm the lower court's finding of ineffective assistance of counsel accompanied by the requisite prejudice.

The record in this case explicitly shows that the State initially made a plea bargain offer for defendant to accept a nine (9) year penitentiary sentence as a Range I standard offender. This offer was rejected. Subsequently, on 12 February 1988 the State offered to accept defendant's guilty plea as charged for a five (5) year Range I standard offender sentence to be served in the State

Penitentiary with no probation or community corrections. The State requested a response to the offer within the next ten (10) days. Defense counsel testified that he did not receive the offer in the mail until the 17th or 18th of February. There was a complete breakdown of communications between the State and defense counsel and between defense counsel and his client. As a result the offer was withdrawn by the State before it was received by the defendant.[1] The State refused to negotiate further and almost immediately gave notice that it would seek a Range II aggravated offender sentence because defendant had willfully inflicted serious bodily injury upon another person during the commission of the offense.[2]

The American Bar Association Standards for Criminal Justice, Sec. 4–6.2 Commentary at 74 (1986) states:

> Because plea discussions are usually held without the accused being present, the lawyer has the duty to communicate fully to the client the substance of the discussion. It is important that the accused be informed of proposals made by the prosecutor; the accused, not the lawyer, has the right to decide on prosecution proposals
> . . .

■ The record establishes that defendant has met the two (2) part standard, incompetence and prejudice, set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975). This standard of proving prejudice requires only a showing of "a reasonable probability ... sufficient to undermine confidence in the outcome." *Strickland, supra* 466 U.S. at 694, 104 S.Ct. at 2068. There is no doubt that the preju-

dice suffered by defendant was the direct result of failure on the part of defense counsel to discuss the plea bargain offer with his client and his failure to respond timely to the State's offer.

Both the defendant and the State have made reference to the case of *Turner v. State of Tennessee*, 858 F.2d 1201, 1205 (6th Cir. 1988), in one or the other of its manifestations in its convoluted passage through the courts.[3] As nearly as can be determined the *Turner* case is presently pending in the State trial court on an order from the U.S. District Court for the Middle Division of Tennessee on a writ of habeas corpus. That Court found the appropriate remedy for ineffective assistance of counsel experienced by defendant was to reinstate the plea agreement.[4] The Court held that although the defendant should be given an opportunity to accept the offer anew, with the effective assistance of counsel, the State Trial Court would be free to accept or reject any plea agreement offered. 726 F.Supp. 1113, 1117 (M.D.Tenn. 1989).

■ We agree with that result, being mindful of the root decision of this State's Court of Criminal Appeals in *State v. Turner*, 713 S.W.2d 327 (Tenn.1986), in which an application for permission to appeal was denied by this Court. In that case the Court of Criminal Appeals said:

> It is elementary that a conviction cannot stand if the defendant received ineffective assistance of counsel. The right to counsel is so fundamental that it is an "essential prerequisite" the denial of which operates to render a judgment "absolutely void." *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 288 (Tenn.1979).

1. The letter conveying the plea bargain offer was postmarked 16 February 1988. The letter stating withdrawal of the offer is dated 29 February, more than 10 days after defense counsel allegedly received the first letter. The Aggravated Offender Notice was dated the same day.

2. There is some indication in the record at this point evidencing a developing friction between counsel.

3. *State v. Turner*, 713 S.W.2d 327 (Tenn.Cr.App. 1986); *Turner v. State of Tennessee*, 664 F.Supp. 1113 (M.D.Tenn.1987); *Turner v. State of Tennes-*

see, 858 F.2d 1201 (6th Cir.1988); *Tenn. v. Turner*, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989), case remanded; *Tenn. v. Turner*, 883 F.2d 38 (6th Cir.1989); *Turner v. State of Tennessee*, 726 F.Supp. 1113 (M.D.Tenn.1989); *Turner v. State of Tennessee*, 940 F.2d 1000 (6th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992).

4. Defense counsel advised defendant to reject a plea agreement of two (2) years in the penitentiary. At trial he received a life sentence plus two (2) concurrent 40 year sentences.

There is no absolute right to have a plea bargain accepted. *Santobello v. New York,* 404 U.S. 257, [260–61] 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). There is also no obligation on the State to offer any benefit or advantage to a defendant by reason of his pleading guilty, and aside from any agreement that may exist between a defendant and the State in reference to the entry of the guilty plea, the ultimate decision to accept or reject any such plea is to be made by the trial court.... Any plea bargain offered from the State was revocable until it was accepted by the trial court.... The ultimate decision whether to accept or reject a particular plea bargain agreement rests entirely with the trial court. A prerequisite to the effectiveness and enforcibility of a plea agreement is its approval by the court. (Citations omitted).

A plea bargain agreement may be scrutinized on appeal where enforcement of the agreement would deny the accused a fundamental constitutional right or be unconscionable and not deserving of judicial approval.... When the State later breaches a plea bargain agreement, the aggrieved defendant may either seek specific performance of the agreement or ask the court to restore both parties to the status they occupied immediately before the plea was entered. However, these principles apply only after the bargained guilty plea has been accepted by the Court. There is simply no authority for the proposition that a plea agreement can be enforced prior to acceptance by the Court. (Citations omitted).

Remedies for the unconstitutional deprivation of the right to counsel should be tailored to the injury suffered. Rarely, however, would the remedy be dismissal of the indictment. In addition, the remedy should not unnecessarily infringe on competing interests. *United States v. Morrison,* 449 U.S. 361, [364–65] 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981).

The remedy which the trial judge fashioned to neutralize the violation of the appellant's constitutional right to the effective assistance of counsel is incompatible with our rules of criminal procedure, which specifically provide that the judge "shall not participate" in plea negotiations.... Furthermore, the remedy fashioned by the trial judge flies in the face of all the cited cases which hold that the plea agreements are not enforceable until they are accepted by the court.

... The trial judge's order directing the State to reinstate its prior offer was a total departure from "the accepted and usual course of judicial proceedings." Rule 10(a), T.R.A.P.

This Court denied the appeal from the Court of Criminal Appeals' decision primarily because it is a correct statement of the law in accordance with the Rules of Criminal Procedure. However, it is fundamental that the provisions of the Sixth Amendment to the Constitution and Article I, Sec. 9 of the Tennessee Constitution, take precedence over court rules and opposing statutory enactments. The United States Supreme Court noted in *Morrison,* supra, 449 U.S. at 364–65, 101 S.Ct. at p. 668, that cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation, saying, ... "Our approach as thus been to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial. The premise of our prior cases is that the constitutional infringement identified has had or threatened some adverse effect upon the effectiveness of counsel's representation or has produced some other prejudice to the defense." As the 6th Circuit Court of Appeals observed in *Turner v. State,* 858 F.2d at 1208, the Supreme Court has indicated that specific performance of a plea agreement is a constitutionally permissible remedy. The Middle District Court's order at 726 F.Supp. 1117, comments that "specific performance is at the extreme end of the range of constitutionally permissible remedies. The particularly egregious facts of this case, however, lead the Court to believe that such a remedy is appropriate in this instance."

We observe that the foregoing decision in *Turner* was appealed to the United States

Supreme Court where it was remanded to the Sixth Circuit for consideration in light of *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). That Court, in turn, remanded to the M.D. of Tennessee with directions to follow the Supreme Court mandate. The District Court found that the Alabama case involved possible vindictiveness on the part of the sentencing judge and did not apply in the case before him, resulting in the judgment we have cited previously. We find that judgment apropos in this case.

For the foregoing reasons, the judgment of the trial court and the Court of Criminal Appeals on the issue of ineffective assistance of counsel during the pretrial stage of the criminal proceedings is affirmed. The cause is remanded to the trial court for a hearing by a new judge in which the State is directed to reinstate its original guilty plea offer and negotiate in good faith. If accepted by defendant, the trial court may utilize its discretion to accept or reject this or any other plea agreement which may be negotiated. Otherwise, the case will stand for trial in due course. The costs on this appeal are assessed against the State.

REID, C.J., and DROWOTA and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.