IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 8, 2000

## KEITH J. ALLEN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-14914    W. Fred Axley, Judge**

---

**No. W1999-01522-CCA-R3-PC - Filed January 23, 2001**

---

The Defendant was convicted of first degree murder and sentenced to life imprisonment. He filed for post-conviction relief on the grounds of ineffective assistance of counsel. After a hearing, the trial court denied relief. In this appeal as of right, the Defendant contends that the trial court erred. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Mark A. Mesler, Memphis, Tennessee, for the appellant, Keith J. Allen.

Michael E. Moore, Solicitor General; Patricia C. Kussmann, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rosemary S. Andrews, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Keith Allen, was indicted for first degree murder, and the State sought the death penalty. After a jury trial, the Defendant was convicted of murder in the perpetration of a felony (robbery) and sentenced to life imprisonment. The Defendant's conviction was affirmed on direct appeal. See State v. Keith J. Allen, No. 02-C-01-9307-CR-00166, 1994 WL 456345, at *1 (Tenn. Crim. App., Jackson, Aug. 24, 1994). On May 24, 1995, the Defendant filed for post-conviction relief, alleging that he had been denied the effective assistance of counsel at trial. After a hearing, the trial court denied relief. The Defendant now appeals, alleging that the trial court erred. Upon our review of the record and relevant legal authority, we affirm the trial court's judgment.

During the evidentiary hearing on the Defendant's petition, the Defendant testified that his two trial lawyers' defense strategy was "what got [him] convicted." He stated that his lawyers

> were supposed to have came [sic] out with the fact that [the victim]
> was criminally trespassing in [his] house, and [he] asked [the victim]
> to leave. [The victim] assaulted [him] in [his] house and [the victim]
> recklessly endangered [the Defendant's] life in [his] house before [he]
> got the apparatus and took it against [the victim]. That was the line
> of defense [he] should [have] had.

The Defendant killed the fifteen year old victim by twenty-eight blows with a machete. See id. One of the Defendant's trial lawyers testified at the post-conviction hearing that the victim's hands had been nearly severed at the wrist as he tried to protect himself; the Defendant, according to this lawyer, "had maybe one superficial wound which he could have inflicted on himself." The Defendant wanted his attorneys to argue self-defense. Both lawyers testified that they did not think this was a viable defense. They made the tactical decision to emphasize instead the fact that the Defendant had ingested a significant quantity of crack cocaine prior to killing the victim. According to one of the lawyers' testimony, they decided to employ this strategy "because . . . intoxication can mitigate a first-degree murder to a second degree. And that's the best we could hope for." The Defendant also asserts that his trial lawyers failed to adequately investigate his case and that they repeatedly urged him to plead guilty.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper 849 S.W.2d at 746.

If afforded a post-conviction evidentiary hearing by the trial court, a defendant must do more than merely present evidence tending to show incompetent representation and prejudice; he or she must prove factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). When an evidentiary hearing is held, findings of fact made by that court are conclusive and binding

on this Court unless the evidence preponderates against them. Cooper, 849 S.W.2d at 746 (citing Butler, 789 S.W.2d at 899).

After the trial court heard testimony from the Defendant and from each of his two trial attorneys, it issued a comprehensive order denying relief. Upon a thorough review of the allegations, proof, and applicable authority, the trial court concluded that "counsel rendered assistance to Petitioner within the range of competence expected of an attorney in a criminal case, and . . . counsel's [sic] performance was not so deficient as to prejudice the defense of a fair and reliable trial as required by Strickland v. Washington, 466 U.S. 668 (1984)."

Upon our review of the record in this case, we agree with the trial court's findings of fact and conclusions of law. The testimony of the Defendant's two trial lawyers makes clear that they adequately investigated the Defendant's case and prepared for trial; they utilized sound legal judgment in deciding which trial strategy to follow; and they succeeded in their primary goal of avoiding a death sentence. The Defendant's testimony established only that he wanted his lawyers to rely on a defense that they determined to be unwise. Even if we accept the Defendant's contention that his lawyers were deficient in their choice of legal strategy, the Defendant has clearly failed to show a reasonable probability that the jury would have had reasonable doubt regarding his guilt had his lawyers employed his preferred tactics.

The Defendant having failed to carry his burden of proof, we find his contentions on appeal to be without merit. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE