# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 7, 2001 Session

## DANNY RAY HOUSE v. STATE OF TENNESSEE

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 96-A-70    Seth W. Norman, Judge**

---

### No. M1998-00464-SC-R11-PC - Filed May 16, 2001

---

ADOLPHO A. BIRCH, JR., J., dissenting.

Assuredly, trial counsel's failure to ascertain the identity of the State's informant rendered his performance deficient under the first prong of the test established in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Unlike the majority, however, I would further hold that this case presents sufficient evidence of prejudice to satisfy the second prong of Strickland. As a consequence, I do not agree that an *in camera* hearing is necessary. Instead, I would vacate House's conviction and remand the cause for a plea or a trial.

As noted by the majority, the test for determining prejudice in cases at the plea stage is whether "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see also State v. Garrison, ___ S.W.3d ___ (Tenn. 2000). The "reasonable probability" contemplated in Hill has been defined as a "probability sufficient to undermine confidence in the outcome" of the proceedings. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997) (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068). The majority's holding assumes that it is necessary, in order to determine prejudice, to first ascertain what the informant's testimony would have been. This assumption, in my view, is misplaced, for House's conduct prior to his guilty plea leads me to conclude there is a reasonable probability that House would have insisted on going to trial had the informant's identity been available.

This Court has given dispositive weight to the conduct of the defendant in another recent case involving a claim of ineffective assistance of counsel. In State v. Garrison, we held that trial counsel's failure to communicate a plea offer to the defendant did not result in prejudice. ___ S.W.3d at ___. In so holding, we rested our decision on the defendant's repeated insistence that he wished to go to trial and that he would not accept any plea offers. Id. at ___. This insistence, we held, distinguished the case from a prior case in which the defendant's ignorance of a plea offer was sufficient to demonstrate prejudice. Id. at ___ (discussing State v. Harris, 875 S.W.2d 662, 663-66 (Tenn. 1994)).

House's conduct in this case strongly suggests that the result likely would have been different had counsel's performance been effective. House repeatedly asserted his innocence and insisted that the informant would exonerate him. Only after House's counsel told him that the informant's identity was unavailable did House decide to enter a guilty plea. Even then, House refused to admit guilt. Instead, he entered a "best interest" plea. See generally North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (discussing best interest pleas). Clearly, House believed that he could prevail at trial were the informant available to testify, and his decision to enter a plea was based largely on counsel's failure to obtain the informant's identity. Although counsel suggested at the post-conviction hearing that the informant may not have provided useful testimony, the record does not suggest that House shared this belief. To the contrary, House's conduct and assertions suggest that he likely would have insisted upon a trial had he known the informant's identity, even were there no opportunity beforehand to interview the informant. This likelihood, in my view, is sufficient to undermine my confidence in the outcome of this case. Accordingly, I conclude that House suffered prejudice as a result of counsel's failure to ascertain the identity of the informant.

Because I find that both prongs of the Strickland test have been satisfied, I would not order an *in camera* hearing to investigate what the informant's testimony might have been. Whether or not House had an opportunity to explore the informant's testimony prior to trial, he likely would have refused to plead guilty if the option of calling the informant as a witness were available to him. Consequently, I would hold that House has suffered prejudice, and I would remand the cause to the trial court so that House may obtain the identity of the informant, as he would have been entitled to do prior to a trial. He would then be able to evaluate anew how he would choose to dispose of his case in light of this new knowledge. Accordingly, I dissent.

_____

ADOLPHO A. BIRCH, JR., JUSTICE