# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 6, 2013

## ERIC CHAMBER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 97-03035 - 38      James Lammey, Jr., Judge**

---

**No. W2012-02726-CCA-R3-PC  - Filed August 26, 2013**

---

On August 21, 2012, Petitioner, Eric Chamber, filed a *pro se* petition in the Shelby County Criminal Court, seeking post-conviction relief from his convictions for two counts of first degree murder and one count of especially aggravated kidnapping.  He was convicted of these offenses in a jury trial, and the convictions were affirmed on appeal. *State v. Eric Chambers* [sic], No. 02C01-9811-CR-00346, 2000 WL 279645 (Tenn. Crim. App. March 6, 2000).  Mandate from this court was issued May 25, 2000.  Petitioner asserts that his petition is not barred by the one year statute of limitations because decisions by the United States Supreme Court in March 2012 established "a constitutional right that was not recognized as existing at the time of trial."  The trial court summarily dismissed the petition because it was filed beyond the one year statute of limitations imposed by Tennessee Code Annotated section 40-30-102(a).  Petitioner has appealed, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Eric Chamber, Tiptonville,  Tennessee, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Tennessee Code Annotated section 40-30-102(a) provides in pertinent part that "Except as provided in [subsection (b)], a person in custody under a sentence of a court of

this state must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, . . . or consideration of the petition shall be barred."

Subsection (b), referenced above, contains the following statutory exception to the one year limitations period which is relevant to this case:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
>> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. . . .

Our supreme court has held that the one year statute of limitations must be tolled in the limited situations when due process requires such when a petitioner has been denied the opportunity to present a claim "at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). *See also Sands v. State*, 903 S.W.2d 297 (Tenn. 1995). We base our decision in this case upon the alleged facts and the theories for relief set forth by Petitioner in his petition. He asserts that his trial counsel rendered ineffective assistance of counsel by persuading Petitioner not to accept a negotiated plea offer which would have resulted in an effective sentence of 25 years. Instead, at trial counsel's advice, Petitioner went to trial which resulted in an effective sentence of two consecutive sentences of life without parole, with an additional consecutive sentence of 25 years.

The petition, filed in August 2012, was clearly filed outside the one year statute of limitations as the highest appellate court to which an appeal was taken rendered its decision in March 2000. Petitioner has captioned his pleading as a petition to reopen a prior post-conviction proceeding, but he does not identify the docket number, court, or date of filing of any prior petition for post-conviction relief. The trial court stated in its order dismissing the petition that Petitioner had never filed a prior petition for post-conviction relief.

Furthermore, if we treat his proceeding as a petition to reopen a prior post-conviction proceeding, we would have to dismiss this appeal with prejudice without addressing the merits. The trial court's order dismissing the petition was filed with the trial court clerk on October 2, 2012. However, there is nothing indicating when the clerk sent a copy of the order to Petitioner. Nevertheless, Petitioner failed to follow the explicit provisions found in Tennessee Code Annotated section 40-30-117(c) in order to seek an appeal of the denial of a motion to reopen a post-conviction proceeding. Petitioner specifically relied on Tennessee

Code Annotated section 40-30-117 to support his assertion that he had grounds to reopen a prior post-conviction proceeding. However, he sought review in this court by filing a notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3. That rule does not authorize an appeal as of right from the denial of a pleading which seeks to reopen a post-conviction proceeding. Tennessee Code Annotated section 40-30-117(c) states that the unsuccessful petitioner must file an application to the Court of Criminal Appeals within thirty (30) days of the trial court's order, seeking permission to appeal. Petitioner did not follow this mandatory procedure.

We will treat the petition as a first petition for post-conviction relief. The ultimate result is the same - denial of relief to Petitioner in this appeal. Petitioner claims as a basis for relief that the United States Supreme Court, in *Missouri v. Frye*, ____ U.S. ____, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, _____ U.S. ____, 132 S.Ct. 1376 (2012) "held that the Sixth Amendment Right to Effective Assistance of counsel extends to the consideration of plea offers that lapse or are rejected." Petitioner further asserts that this ruling established "a constitutional right that was not recognized as existing at the time of trial."

Petitioner is mistaken in his belief that *Frye* and *Cooper* established the constitutional right, relied upon by Petitioner, and that his constitutional right was not recognized at the time of his trial. The record reflects that the crimes for which Petitioner was convicted occurred in October 1996, more than two years after our supreme court's decision in *Harris v. State*, 875 S.W.2d 662 (Tenn. 1994). In *Harris*, the post-conviction petitioner was never told by his trial counsel, until well after the plea offer had expired, of an offer of an effective sentence of five years. He proceeded to trial, was convicted, and was sentenced to serve thirty-five (35) years. At the subsequent post-conviction proceeding, the trial court granted relief and the court of criminal appeals affirmed the finding of ineffective assistance of counsel but remanded for further proceedings to determine the appropriate remedy. Our supreme court affirmed the finding of ineffective assistance of counsel and set forth the remedy as follows:

> For the foregoing reasons, the judgment of the trial court and the Court of Criminal Appeals on the issue of ineffective assistance of counsel during the pre-trial stage of the criminal proceedings is affirmed. The cause is remanded to the trial court for a hearing by a new judge in which the State is directed to reinstate its original guilty plea offer and negotiate in good faith. If accepted by defendant, the trial court may utilize its discretion to accept or reject this or any other plea agreement which may be negotiated. Otherwise, the case will stand for trial in due course.

*Harris*, 875 S.W.2d at 667.

The constitutional right which Petitioner says entitles him to relief existed at the time he went to trial and he could have asserted the claim in a timely filed petition for post-conviction relief.  Accordingly, the judgment of the trial court summarily dismissing the petition is affirmed.

_____
THOMAS T. WOODALL, JUDGE