IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2001

## DARRYL J. ROSS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P13124     Carolyn Wade Blackett, Judge**

---

**No. W2000-00531-CCA-R3-PC  - Filed April 20, 2001**

---

The Defendant was convicted in two jury trials of six counts of aggravated robbery and one count of attempted aggravated robbery. He received an effective sentence of sixty years for these crimes. The Defendant subsequently pled guilty to three additional counts of aggravated robbery, one additional count of attempted aggravated robbery, and one count of theft. After an unsuccessful appeal of his second trial, the Defendant filed for post-conviction relief, alleging ineffective assistance of counsel. After a hearing the post-conviction court denied relief, which ruling the Defendant now appeals. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Joseph Ozment, Memphis, Tennessee, for the appellant, Darryl J. Ross.

Paul G. Summers, District Attorney General; Laura E. McMullen, Assistant District Attorney General; William L. Gibbons, District Attorney General; and Michael Leavitt, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Darryl J. Ross, was tried and convicted of two counts of aggravated robbery and one count of attempted aggravated robbery in May 1992; the same jury acquitted the Defendant of four other charges. The Defendant was sentenced to twelve years for each of the robberies and six years for the attempted robbery, all concurrent. In June 1992 the Defendant was tried and convicted by a jury of four counts of aggravated robbery. He was sentenced to twelve years on each of these counts, to run consecutively to each other and to the sentences for the May convictions. The Defendant subsequently pled guilty to three counts of aggravated robbery, one count of attempted aggravated robbery, and one count of theft. He was sentenced to eight years for each of the aggravated robberies, three years for the attempt, and eleven months, twenty-nine days for the theft. These sentences were ordered to run concurrently with each other and with the prior seven sentences.

The Defendant appealed his May, 1992 convictions on the grounds of insufficient evidence. The Defendant's convictions were affirmed. See State v. Darryl Ross, No. 02C01-9208-CR-00199, 1994 WL 29847, at *1 (Tenn. Crim. App., Jackson, Feb. 2, 1994). The Defendant appealed his June 1992 convictions on the grounds of insufficient evidence. The Defendant's convictions were affirmed. See State v. Darryl Ross, No. 02C01-9208-CR-00186, 1993 WL 500575, at *1 (Tenn. Crim. App., Jackson, Dec. 8, 1993).

In May 1994 the Defendant filed two petitions for post-conviction relief regarding the seven convictions arising from his May and June 1992 trials. The two petitions were apparently consolidated.[1] Through counsel, the Defendant subsequently amended his petitions to include the guilty plea convictions. The Defendant's alleged grounds for relief were ineffective assistance of counsel at both trials, on appeal, and in conjunction with his subsequent guilty pleas. After a hearing, at which the Defendant and his trial counsel testified, the court below denied relief. This appeal followed, with the Defendant arguing that the trial court erred and should have granted him post-conviction relief. We disagree and affirm the judgment below.

To sustain a petition for post-conviction relief filed prior to 1995, a defendant must prove his or her factual allegations by a preponderance of the evidence at an evidentiary hearing. See Davis v. State, 912 S.W.2d 694, 697 (Tenn. 1995). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999); Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. Id.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See id.; Strickland v. Washington, 466 U.S. 668, 686 (1984).

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had

---

[1]There is no order of consolidation in the record, but both petitions were assigned the same docket number.

reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). The prejudice requirement is modified so that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks, 983 S.W.2d at 246.

In its findings of fact and conclusions of law, the post-conviction court thoroughly reviewed the Defendant's complaints and found all of them to be meritless. While the court erred in concluding that the Defendant was required to prove his allegations by clear and convincing evidence rather than by a preponderance of the evidence,[2] we find this error to be harmless. The Defendant testified that his trial attorney's trial preparation and cross-examinations were inadequate; that his attorney was ineffective in permitting him to wear his jail clothes to trial; and that his attorney misadvised him about the length of time he would be serving on the prior convictions while advising him about entering his guilty pleas. The Defendant's trial attorney's testimony contradicted the Defendant's claims. We agree with the post-conviction court that the Defendant has failed to substantiate his allegations and has failed to prove either of the prongs necessary for post-conviction relief under Strickland.

The Defendant's allegations being without merit, we affirm the judgment of the post-conviction court.

_____
DAVID H. WELLES, JUDGE

---

[2]Under the current Post-Conviction Act, a petitioner must prove his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f). However, the Defendant's petitions were filed under the prior Act and his allegations must therefore have been proved by a preponderance of the evidence. See Davis v. State, 912 S.W.2d at 697.