# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 17, 2001

## ERIC BERNARD HOWARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 95-d-2451      Seth Norman, Judge**

---

**No. M2001-00405-CCA-R3-PC - Filed October 24, 2001**

---

The Defendant, Eric Bernard Howard, was convicted of two counts of aggravated robbery in the Criminal Court of Davidson County and sentenced to consecutive terms of seventeen years for each conviction. The Defendant now seeks post-conviction relief alleging that he was denied effective assistance of counsel. The trial court denied relief. We affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Radford H. Dimmick, Nashville, Tennessee, for the appellant, Eric Bernard Howard.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Shelli Neal, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Following a jury trial, the Defendant was found guilty of two counts of aggravated robbery. The Defendant appealed his convictions for aggravated robbery arguing (1) the trial court erred in excluding social security disability information as irrelevant, (2) the evidence was insufficient to support the convictions, and (3) incompetency by reason of narcotic addiction is a defense to aggravated robbery. This court affirmed the judgment of the trial court. See State v. Eric Bernard Howard, No. 01C01-9805-CR-00198, 1999 WL 701413, at *5 (Tenn.Crim.App., filed September 10, 1999, at Nashville). The Defendant then filed a petition for post-conviction relief, and the trial court conducted an evidentiary hearing on the petition. At the hearing, the Defendant posited that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article 1, Section 9 of the Tennessee Constitution due to trial counsel's failure to give the State notice of a possible insanity defense and trial counsel's failure to make an offer of proof with regard to the evidence establishing the insanity defense. On the same day, the

trial court denied the Defendant's request for post-conviction relief. In his appeal, the Defendant contends that the trial court improperly denied his petition for post-conviction relief.

## STANDARD OF REVIEW

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936; Strickland v. Washington, 466 U.S. 668, 686 (1984).

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

In denying the Defendant's petition, the trial court found that the Defendant had not established that trial counsel's performance was deficient. The trial court specifically found that no evidence supported an insanity defense and trial counsel could not be faulted for failing to advance an unsupported defense. The Defendant's apparent contention that the Social Security Administration's decision that he was disabled under its guidelines due to his addiction to drugs entitled him to an insanity defense is unfounded. See Howard, 1999 WL 701413, at *5.

To establish a defense based on insanity, a defendant must prove by clear and convincing evidence that "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature or wrongfulness of [the] acts." Tenn. Code Ann. § 39-11-501(a). Furthermore, a mental disease or disability does not constitute a defense unless it renders the defendant incapable of appreciating the wrongfulness of his or her actions. Id. The Defendant presented no evidence to suggest that, at the time the two robberies were committed, he could not appreciate the wrongfulness of his acts. The Defendant's bare assertion that he is entitled to an insanity defense because of his alleged disability was rejected by this Court on direct appeal, and certainly does not demonstrate that he received ineffective assistance of counsel at his trial. See Howard, 1999 WL 701413, at *5.

The record supports the trial court's finding that trial counsel was not deficient by failing to advance an insanity defense or make an offer of proof regarding the basis for such a defense. However, even if the actions of trial counsel were inadequate, the Defendant has not presented any evidence to establish that the alleged errors by trial counsel prejudiced him.

## CONCLUSION

Accordingly, the trial court properly denied the Defendant's petition for post-conviction relief. The judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE