IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2001

## KENNETH W. NESBITT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Carroll County**
**No. 97CR-1066 P.C.     C. Creed McGinley, Judge**

---

**No. W2001-00394-CCA-R3-CD  - Filed January 8, 2002**

---

The Defendant, Kenneth W. Nesbitt, was convicted of two counts of selling cocaine by a Carroll County jury and sentenced to eight years on each count to be served concurrently.  He appealed his convictions and this Court affirmed the convictions and the sentences, and our supreme court denied the Defendant's application for permission to appeal.[1]  The Defendant then filed a petition for post-conviction relief alleging ineffective assistance of counsel.  The trial court dismissed the petition. The Defendant now appeals to this Court alleging that the trial court erred in denying him relief.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Steven L. West and Dwayne D. Maddox III, Huntingdon, Tennessee, for the appellant, Kenneth W. Nesbitt.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Robert Radford, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant contends that he was prejudiced by his trial counsel's ineffective assistance both prior to and during trial.  He argues that trial counsel was ineffective by failing to properly engage in pre-trial discovery, failing to properly investigate the Defendant's case, failing to challenge a juror for cause, and failing to inform the Defendant of trial strategy and the dangers of asserting his constitutional right to testify.

---

[1]See State v. Kenneth Wayne Nesbitt, No. 02C01-9801-CC00029, 1998 WL 742380 (Tenn. Crim. App., Jackson, October 23, 1998, rehearing denied March 8, 1999).

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

The Defendant raises several alleged instances of ineffective assistance of counsel prior to trial. First, the Defendant contends that trial counsel was ineffective by failing to properly prepare for trial. The Defendant asserts that trial counsel did not properly investigate the criminal history of several State witnesses. Trial counsel testified at the post-conviction hearing that he reviewed the thick packet of discovery given him by the State which included a witness list. Trial counsel recalled discussions with the State regarding the criminal records of its witnesses and stated that he also

consulted with counsel for the co-defendants in the case. In dismissing this portion of the petition, the trial court stated:

> The record supports that the defense counsel did, in fact, engage in appropriate pre-trial discovery. The record further supports that the District Attorney General's office had an "open file" policy regarding discovery and fully cooperated with defense counsel and made all materials available.

We find that the record supports the trial court's findings and that trial counsel's actions were within the range of competency demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936; Hicks, 983 S.W.2d at 245.

Defendant next argues that, during his trial, he was denied effective assistance of counsel by trial counsel's failure to (1) challenge for cause a juror who smiled at him during jury selection, (2) play audio tapes of the undercover drug buy for the jury, (3) call two exculpatory witnesses, and (4) inform him that his criminal background could be used to impeach him if he testified. Trial counsel testified that his office reviewed the contents of the tapes and concluded that the tapes would "neither add nor detract from any issues at trial" because the tapes neither implicated nor exonerated the Defendant. Trial counsel testified that he and the Defendant decided not to play the tapes. Trial counsel also testified that he consulted the Defendant extensively during jury selection and fully informed him of the likelihood that his criminal record would be used for impeachment purposes. The trial court found that the Defendant had failed to show any prejudice regarding the inclusion of the juror or the playing of the audio tapes. The trial court obviously credited trial counsel's testimony.

At the hearing on the petition for post-conviction relief, the Defendant presented the testimony of Stephanie Harris and Tracy Moore who allegedly bought the cocaine from the Defendant during the undercover drug buy. Both testified that they never bought drugs from the Defendant and, if called, would have stated the same at the Defendant's trial. In response, trial counsel stated that he was aware of the two witnesses. Trial counsel testified that he was also aware of statements Ms. Harris and Mr. Moore made to the police that implicated the Defendant. Trial counsel felt that, given the Defendant's alibi defense, calling Ms. Harris and Mr. Moore, who both had extensive criminal histories, would distract from the Defendant's theory of the case and allow the prosecution another opportunity to discredit the Defendant's alibi. Trial counsel testified that he fully discussed this strategy with the Defendant. We will not second-guess strategic decisions, such as this, made by an attorney during trial. See Hellard, 629 S.W.2d at 9; Owens, 13 S.W.3d at 749.

The trial court entered an order which set forth in detail its findings of fact and conclusions of law. The record supports the trial court's conclusion "that there is nothing in any way to suggest that the [Defendant] has been denied effective assistance of counsel or that there has been any abridgment of any right guaranteed by the Constitution of the United States of America or the State of Tennessee." The trial court found that the Defendant was represented by an attorney with twenty-

five years of experience who "properly investigated and represented the Defendant competently throughout the process." The evidence does not preponderate against the findings of the trial court. Accordingly, the appeal is without merit.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court did not err by denying the Defendant post-conviction relief. The judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE