# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 4, 2001

## GEORGE LANGFORD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-23634      Chris Craft, Judge**

---

### No. W2001-00371-CCA-R3-PC  - Filed February 7, 2002

---

The Defendant, George Langford, was convicted of first degree felony murder, aggravated burglary, aggravated assault, and reckless endangerment. He was sentenced to life without the possibility for parole for the murder and to concurrent sentences of four, five, and two years for the other crimes respectively. The Defendant appealed his convictions and this Court affirmed the convictions and the sentences.[1] Our supreme court granted the Defendant's application for appeal and also affirmed his convictions and sentences.[2] The Defendant then filed a petition for post-conviction relief alleging ineffective assistance of counsel. The trial court dismissed the petition. The Defendant now appeals to this Court alleging that the trial court erred in denying him relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Juni S. Ganguli, Memphis, Tennessee, for the appellant, George Langford.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Katrina Earley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

---

[1] See State v. George Langford, No. 02-C01-9703-CR-00099, 1997 WL 632805 (Tenn. Crim. App., Jackson, Oct. 15, 1997).

[2] See State v. Langford, 994 S.W.2d 126 (Tenn. 1999).

In the early morning of April 10, 1995, the Defendant arrived at the duplex he shared with his girlfriend, Diana Wilson, after having spent two or three weeks in Mississippi. The duplex was leased to Ms. Wilson. When the Defendant requested permission to enter the duplex to get his clothes and see his children, Ms. Wilson refused. The Defendant became angry, suspecting that Ms. Wilson had a male visitor, and fired a shot through the living room window. The Defendant then directed one of his companions to kick in the door, and entered the duplex. Ms. Wilson hid in her bedroom closet with fifteen-year-old Tamara Gayles, who was visiting. The Defendant entered the bedroom and shot two or three times into the closet, striking and killing Miss Gayles.

On direct appeal to this Court, the Defendant contended that the evidence was insufficient to support his aggravated burglary and felony murder convictions because the State failed to prove that the duplex was not the Defendant's residence and, alternatively, that the Defendant was entitled to a jury instruction on the lesser-included offense of criminal trespass. This Court affirmed the Defendant's convictions, and the supreme court affirmed this Court's ruling.

The Defendant now contends that he was prejudiced by his trial counsel's ineffective assistance both prior to and during trial. The Defendant argues that trial counsel was ineffective in failing to properly prepare for trial, negotiate a plea agreement, interview potential witnesses, obtain a mental evaluation of the Defendant, and properly advise him of the dangers of testifying on his own behalf.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the

burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

The Defendant first contends that trial counsel was ineffective in her preparation for trial. Specifically, the Defendant argues that counsel did not review discovery, interview witnesses, or subpoena a possible witness to testify on behalf of the Defendant. Trial counsel testified that she received and reviewed discovery from the State. Trial counsel, who at the time of trial was the Coordinator for the Capital Defense Unit of the Shelby County Public Defender's Office, further stated that she met with the Defendant on eighteen different occasions to discuss his case and prepare for his trial. According to trial counsel, investigators from the Public Defender's Office interviewed all potential witnesses who could be located.

The Defendant's central complaint is that trial counsel failed to subpoena and call a crucial "alibi" witness to testify that the apartment the Defendant was accused of burglarizing was, in fact, his own residence. The Defendant contends he could not have burglarized his own home, and, therefore, the felony murder charge based on the underlying offense of aggravated burglary must be reversed.[3] The Defendant believes this witness's testimony was crucial in establishing his residence at the time of the offense. Trial counsel testified that the Defendant informed her of this witness prior to trial. However, trial counsel also testified that the testimony of the Defendant's girlfriend clearly established that the Defendant lived in the residence in question at the time of the offense, and that issue was never contested by the State. Therefore, the witness's testimony would have been cumulative.

The Defendant also contends that trial counsel was ineffective in failing to effectuate a plea bargain on behalf of the Defendant. However, the Defendant concedes that he was unwilling to

_____

[3]The Defendant also raised this issue on direct appeal and this Court and our supreme court found sufficient evidence to sustain the convictions for aggravated burglary and felony murder. See State v. Langford, 994 S.W.2d at 127; State v. George Langford, supra, fn. 2. Our supreme court held that only the Defendant's girlfriend, Ms. Wilson, was in "lawful possession" of the property, and thus she had the right to refuse the Defendant entry. Id. at 128.

plead guilty to an offense greater than second degree murder, and trial counsel testified that the District Attorney, honoring the wishes of the victim's family, was unwilling to enter into a plea agreement. Trial counsel stated and the Defendant concedes that an attempt was made to negotiate a plea.

Next, the Defendant argues that trial counsel was ineffective by not requesting a mental evaluation of the Defendant. The Defendant has a history of alcoholism in his family and was apparently intoxicated at the time of the offense. Trial counsel stated that in her numerous meetings with the Defendant she never observed any indication that a mental evaluation would be necessary or helpful. Furthermore, the Defendant's intoxication at the time of the offense was a part of the defense's "accidental killing" theory of the case which was rejected by the jury.

Finally, the Defendant contends that he was not properly advised about the possibility of a prior manslaughter conviction being used for impeachment purposes. This contention contradicts the Defendant's own testimony at the hearing on the petition for post-conviction relief. The Defendant testified that trial counsel informed him that the conviction could be used by the prosecution if the Defendant "opened the door." The Defendant testified that the prior conviction was introduced during the sentencing phase of the Defendant's trial, and not after the Defendant's testimony during the guilt phase. Furthermore, trial counsel supported the Defendant's testimony that she fully informed him of the advantages and disadvantages of testifying on his own behalf.

It is clear from the record that the trial court credited the testimony of trial counsel with her extensive case file, and not the factual allegations made by the Defendant. The trial court stated that "[n]one of the allegations in the petition having been found to have merit, Defendant has failed to carry his 'burden of proving the allegations of fact by clear and convincing evidence.'" See Tenn. Code Ann. § 40-30-210(f). We conclude that the record supports the trial court's finding that trial counsel's performance was within the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936; Hicks, 983 S.W.2d at 245.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court properly denied the Defendant's request for post-conviction relief. The judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE