IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## WENDY McFADDEN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Crockett County**
**No. 3092     Terry Lafferty, Judge**

---

**No. W2001-02475-CCA-R3-PC - Filed June 11, 2002**

---

The Defendant pled guilty to second degree murder, and the trial court imposed an agreed sentence of fifteen years in the Department of Correction. The Defendant subsequently filed for post-conviction relief, alleging that she did not enter a voluntary and knowing guilty plea and alleging that she received ineffective assistance of counsel in conjunction with her plea. After an evidentiary hearing, the trial court denied relief. This appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

S. Jasper Taylor, IV, Bells, Tennessee, for the Appellant, Wendy McFadden.

Paul G. Summers, Attorney General and Reporter; Gill Robert Geldreich, Assistant Attorney General; Garry Brown, District Attorney General; and Theodore H. Neumann, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Defendant, Wendy McFadden, pled guilty to a second degree murder she committed in 1998. At the post-conviction hearing, the Defendant testified that when she pled guilty, she understood that she would be eligible for release from prison after serving eighty-five percent of her fifteen-year term. The Defendant testified that after she became incarcerated, she learned that she would have to serve one-hundred percent of her term. Accordingly, the Defendant claims that she did not enter her plea knowingly and voluntarily. The Defendant further claims that she entered her plea as a result of ineffective assistance of counsel, specifically, that her lawyer did not prepare for trial and did not want to take her case to trial. The Defendant claims that on the Friday before her

scheduled Monday trial date, her lawyer showed her autopsy pictures of the victim in order to coerce her into pleading guilty.

The Defendant's trial counsel, an assistant public defender, represented the Defendant on the murder charge. She testified that she became licensed in 1988 and has handled "probably more" than ten murder cases in the last twelve to thirteen years. Counsel testified that she explained to the Defendant that the fifteen-year sentence would have to be served at one-hundred percent with the possibility of up to a fifteen-percent reduction based on sentence credits. Counsel stated that on the written Plea of Guilty signed by the Defendant, counsel wrote in a provision stating that the sentence was "100% with a possibility of 15% credit reduction," and she maintained that she explained this provision to the Defendant. The Defendant's initials appear next to this amendment to the document.

With respect to autopsy photographs of the victim, counsel testified that she saw the photographs for the first time on the Friday before trial. Counsel decided to show them to the Defendant because she realized that the State might be able to introduce them since they showed the extent of the injuries inflicted by the Defendant. Counsel explained to the Defendant that she would try to prevent admission of the photographs into evidence, but might not be successful. She stated that the Defendant became "a little bit angry" when showed the photographs, but still insisted on proceeding to trial the following week.

That Monday, defense counsel discovered that the State had found a new witness to testify against the Defendant. Counsel attempted to have the witness excluded and planned on requesting a continuance in the event that the witness was allowed to testify. While these discussions were going on, the victim's mother indicated that she would be satisfied with a sentence of fifteen years, which would be significantly less than the State's previous plea offers. The State then made a plea offer of fifteen years, and the Defendant decided to accept it.

Counsel testified that in preparation for trial, she and the Defendant discussed the Defendant's possible defenses and possible convictions based on the evidence. Counsel obtained an evaluation from a psychologist who concluded that the Defendant could not rely on the "battered wife syndrome" defense. Counsel stated that she did not in any way attempt to coerce the Defendant into pleading guilty.

Cliff Worden, an investigator for the public defender's office, also testified. He explained that he was present during the Defendant's execution of the guilty plea and during counsel's explanation of the document to the Defendant. Worden stated that "[i]t's always explained to the defendant that if it's one hundred per cent [sic] the eligibility for the fifteen per cent [sic] credit is based by TDOC, not by the Judge or anybody else."

After the hearing, the trial court concluded that the Defendant entered her guilty plea voluntarily and knowingly and that counsel's representation "exceeded the range of competence as

demanded of attorneys in criminal cases." Accordingly, the trial court denied the Defendant's claim for relief.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial court, not the appellate courts. Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

With respect to the Defendant's claim that her guilty plea is invalid, the record supports the trial court's findings that she entered her guilty plea knowingly and voluntarily. The Defendant's testimony indicates that she understood the fifteen-percent reduction in the time she would have to serve stemmed from "good days and all." In fact, a defendant convicted of second degree murder is not entitled to early release eligibility. See Tenn. Code Ann. § 40-35-501(i). Rather, "[s]uch person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." Id. (emphasis added). Sentence credits may not exceed fifteen percent of the sentence imposed. Id. The Defendant's chief complaint is that one of her counselors at the prison told her "that [she] didn't get any credits no matter what [she] did or how hard [she] worked to try to better [herself] or any of that." Indeed, the Defendant admitted on cross-examination that she did not develop any concerns about her plea until after this counselor told her that she could not receive any credits against her sentence. The Defendant's actual complaint, then, appears to be with the Department of Correction and its interpretation and/or application of our sentencing statutes. The Defendant's alleged information from the Department of Correction does not render her guilty plea involuntary or unknowing.

The Defendant has further failed to prove that her lawyer was not effective. Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant, resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Burns, 6

S.W.3d at 461; Hicks, 983 S.W.2d at 245.  To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt.  Strickland, 466 U.S. at 694-95.  This reasonable probability must be "sufficient to undermine confidence in the outcome."  Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process.  Hill v. Lockhart, 474 U.S. 52, 57 (1985).  The prejudice requirement is modified so that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id. at 59; see also Hicks, 983 S.W.2d at 246.

It is clear from the Defendant's testimony that the only reason she is complaining about her lawyer is because she believes that the Department of Correction will not give her any sentence credits.  The Defendant has failed to establish, however, that her lawyer did not meet the level of competence required of criminal defense lawyers or that she was prejudiced by her lawyer's representation.  On the contrary, the record establishes, as found by the trial court, that counsel's representation of the Defendant exceeded the level of competence required.

The judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE

-4-