IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 23, 2003

## JERRY WORLEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. C46, 202      Phyllis H. Miller, Judge**

---

**No. E2003-00098-CCA-R3-PC**
**October 28, 2003**

---

The Defendant, Jerry Worley, pled guilty to nine counts of selling .5 grams or more of cocaine and one count of possession with intent to sell over .5 grams of cocaine. For these offenses, the Defendant received an effective sentence of twenty years. The Defendant did not perfect an appeal of his sentence, but petitioned for post-conviction relief on the grounds that his guilty plea was not valid; was the result of ineffective assistance of counsel; and that his sentence offends constitutional due process. After an evidentiary hearing, the trial court denied relief, and this appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Leslie Hale, Blountville, Tennessee, for the appellant, Jerry Worley.

Paul G. Summers, District Attorney General; Renee W. Turner, Assistant District Attorney General; Greeley Wells, District Attorney General; and J. Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Jerry Worley, pled guilty to ten Class B felonies, all involving the sale or possession of cocaine. The plea agreement left sentencing to the trial court's discretion. The Defendant was represented during his plea and sentencing process by Mr. Cary Taylor. After the sentencing hearing, the trial court sentenced the Defendant as a Range I, standard offender to ten year terms on all counts. The terms were "stacked" in such a way as to result in an effective sentence of twenty years. At a subsequent hearing, community corrections was denied. At the end of that hearing, Mr. Taylor withdrew in open court as the Defendant's attorney. The Defendant

subsequently attempted to hire other counsel for an appeal of his sentence but was unsuccessful. The Defendant never sought the appointment of counsel and did not appeal his sentence.

The Defendant now contends on post-conviction that both his plea and his sentence are unconstitutional. At the post-conviction hearing, the Defendant complained that, at his sentencing hearing, "they tried to paint a picture of me as a major drug dealer in Bristol, which is not so. They tried to do a lot of things that [my lawyer] wouldn't even let me say nothing about that was said . . . and he didn't try to defend me against them, himself." He testified that his lawyer told him that he would "probably" get eight years of probation for his offenses. He claimed that his lawyer told him that, at worst, he would go to prison for two years and then spend eight years on probation. He admitted that Mr. Taylor might have discussed the possibility of consecutive sentences, but testified, "had he told me that I was looking at twenty years, I would have told him to go to court with it."

The Defendant's lawyer, Mr. Cary Taylor, also testified at the post-conviction hearing. Mr. Taylor stated that he told the Defendant "at least a dozen times" that he would not be eligible for probation if the judge sentenced him to more than eight years. Mr. Taylor repeatedly told the Defendant that his crimes carried a sentencing range of eight to twelve years each, and testified that he "never" told the Defendant that he would get eight years. He advised the Defendant that the sentence was up to the judge. He further advised the Defendant that, theoretically, the judge could sentence him to a term of 120 years. Mr. Taylor also testified that the Defendant never stated that he wanted to testify but, to the contrary, did not want to testify at his sentencing hearing.

Sandra Worley, the Defendant's wife, also testified at the post-conviction hearing. She acknowledged that Mr. Taylor had told them that the Defendant might receive more than eight years and might be ordered to serve his sentence in prison.

The trial court took the matter under advisement and subsequently issued a thorough and well-written order denying relief. In its order, the court stated that the Defendant "failed to prove by clear and convincing evidence his allegations that he received ineffective assistance of counsel and that his guilty pleas were not entered voluntarily and knowingly." The court specifically accredited Mr. Taylor's testimony over that of the Defendant, describing the latter's testimony as "self-contradictory, confusing and vague," as well as "incredible." In its review of the testimony as well as the transcripts of the plea and sentencing hearings, the trial court found that "[t]here was no evidence of any kind from which the [Defendant] could have honestly believed he was going to get an eight-year sentence on probation." With respect to the Defendant's claims that his sentence is constitutionally invalid, the court found that these were issues the Defendant could have raised on direct appeal. Finally, the court found that the Defendant "brought this post-conviction action in hopes that the Court would set aside his convictions on the basis of half-truths and misleading testimony."

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-

weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. See Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). The prejudice requirement is modified so that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks, 983 S.W.2d at 246.

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

We have examined the pleadings, the transcript of the post-conviction hearing, and the transcripts from the plea and sentencing hearings. We find no error by the trial court in its order

disposing of this matter. The Defendant has failed to prove his allegations by clear and convincing evidence, and his contentions that his sentence is constitutionally infirm are further waived, because the Defendant could have raised his concerns in a direct appeal. See Tenn. Code Ann. § 40-30-206(g). The Defendant's failure to perfect an appeal was not the result of any ineffective assistance on the part of Mr. Taylor.

In short, we agree with the trial court that the Defendant has failed to demonstrate that he is entitled to post-conviction relief. Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE