IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## BARRY DAVIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6551    Joseph H. Walker, Judge**

--------

**No. W2001-01395-CCA-R3-PC - Filed March 8, 2002**

--------

The Defendant, Barry Davis, was convicted by a jury of first degree premeditated murder and aggravated assault. His convictions were affirmed on direct appeal. See State v. Barry Davis, No. 02C01-9902-CC-00063, 1999 Tenn. Crim. App. LEXIS 845 (Jackson, Aug. 19, 1999). The Defendant subsequently filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel at trial. The trial court denied the Defendant's petition and this appeal followed. Finding no merit in the Defendant's allegations, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmd**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

D. Michael Dunavant, Ripley, Tennessee, for the appellant, Barry Davis.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Elizabeth Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was convicted of murdering the victim by stabbing her fourteen times. He complains that his trial counsel was ineffective in not filing a motion to suppress a statement he made to the police; in failing to call certain witnesses at trial; in failing to adequately prepare him for cross-examination; and in presenting an alternate theory of defense to his preferred theory of self-defense. At the post-conviction hearing, both the Defendant and his trial counsel testified, as well as two alleged defense witnesses who were not called at trial. After hearing the proof, the trial court denied relief, finding that the decision not to call the alleged defense witnesses was a matter of trial strategy based on an informed decision by trial counsel; that defense counsel did not err in not filing a motion to suppress because there was no legal basis for the statement's suppression, and the

Defendant was therefore not prejudiced by trial counsel's decision; that the Defendant suffered no prejudice by trial counsel's presentation of an alternative theory of defense; and that the Defendant's claim that he was not adequately prepared for cross-examination was "not credible."

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936; Strickland v. Washington, 466 U.S. 668, 686 (1984).

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. See Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

The record supports the trial court's ruling in this case. The Defendant was convicted of the first degree premeditated murder of the mother of two of his children. He stabbed the victim

fourteen times, eight times in the back. He subsequently called the police to turn himself in, telling the officer that he had killed the victim. This statement was made while the Defendant was not in custody and was not made as the result of any questioning. Trial counsel correctly determined that there was no basis on which to suppress this statement, and the Defendant's complaint regarding this decision is without merit.

Given the number and location of the victim's wounds, the Defendant's trial counsel was concerned that a jury would not accept his explanation of "self-defense," and strove to present an alternative theory that the killing had been committed in the heat of passion, and that the Defendant was therefore guilty of voluntary manslaughter. This was a sound trial strategy, and one for which we cannot fault trial counsel. The Defendant's complaints in this regard are likewise without merit. With respect to the two alleged defense witnesses who testified at the post-conviction hearing, neither could testify as to what happened during the killing. One witness was aware of some vague threats made by the victim some years prior to her death; the other witness testified that the victim had told him at some point that if the Defendant did not stop doing what he was doing, she would "stick him." This proffered testimony was simply not sufficient to establish that the Defendant was prejudiced by defense counsel's decision not to call these witnesses.

Defense counsel testified that she spent a considerable amount of time preparing the Defendant for cross-examination, and that she informed the Defendant that he could be impeached by his prior convictions. The Defendant denied this at the post-conviction hearing, but the trial court found his testimony on this point "not credible." We will not disturb findings of credibility on appeal.

The Defendant having failed to prove his allegations by clear and convincing evidence, he is not entitled to post-conviction relief, and we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE