# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs September 5, 2012

## BARRY SINGLETON v. STATE OF TENNESSEE

**Appeal from the Criminal Court of Shelby County**
**No. 04-01852    Paula Skahan, Judge**

---

**No. W2011-02569-CCA-R3-PC  -  Filed October 29, 2012**

---

Barry Singleton ("the Petitioner") filed a petition for post-conviction relief from his convictions for aggravated kidnapping and aggravated rape. In his petition, he alleged that he received ineffective assistance of counsel. After an evidentiary hearing, the post-conviction court denied relief, and this appeal followed. On appeal, the Petitioner asserts that his counsel at trial failed to convey a plea offer to him that he would have accepted instead of proceeding to trial. Upon our thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment
### of the Criminal Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Rosalind E. Brown, Memphis, Tennessee, for the appellant, Barry Singleton.

Robert E. Cooper, Jr., Attorney General & Reporter; Meredith Devault, Senior Counsel; Amy P. Weirich, District Attorney General; and Doug Carriker, Assistant District Attorney General; for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

A jury convicted the Petitioner in March 2006 of aggravated kidnapping and aggravated rape. The trial court sentenced the Petitioner to twelve years as a Range I, standard offender on his aggravated kidnapping conviction and to twenty-five years as a violent offender on his aggravated rape conviction, to be served consecutively, for an effective sentence of thirty-seven years. On appeal, this Court affirmed the convictions. See

<u>State v. Barry Singleton</u>, No. W2006-02476-CCA-R3-CD, 2009 WL 1161782, at *8 (Tenn. Crim. App. April 29, 2009).

The Petitioner subsequently filed for post-conviction relief on August 29, 2010, alleging that he received ineffective assistance of counsel. Although he claimed several instances of deficient performance, the Petitioner has raised only one issue on appeal: that his counsel at trial ("Trial Counsel") failed to convey a thirteen-year plea offer to him that he would have accepted. Accordingly, we will address only the facts adduced at the post-conviction hearing relevant to this issue.

Trial Counsel testified that he represented the Petitioner at trial, but not on the direct appeal. Trial Counsel recalled that the State presented a plea offer to the Petitioner in this case, but he did not recall what the plea offer was. Trial Counsel testified that he did convey the State's plea offer to the Petitioner, and he agreed that he gave the Petitioner the option to accept or to reject the plea offer. He also stated that he generally will have his client sign off on a rejection of the plea offer if the client chooses not to accept it and that he "probably did that in this particular case." Moreover, Trial Counsel specifically recalled

> urging [the Petitioner] to consider pleading because of the testimony that I anticipated at the trial. I thought that there was sufficient corroboration to the ID through a telephone that had his uncle's number on it or something to that effect. I was very concerned that there would be a conviction and I remember talking to [the Petitioner] and suggesting that he accept the plea.

On cross-examination, Trial Counsel admitted that he could not remember the "amount of years" included in the State's plea offer. Nevertheless, Trial Counsel agreed that he was concerned that the Petitioner would be convicted at trial and that the Petitioner should take the plea offer. Trial Counsel further stated that he "knew [the Petitioner's] uncle from some of the basketball games in town, the Grizzlies and the University of Memphis. And [he] remember[ed] speaking with the uncle and being concerned about [the Petitioner's] decision."

The Petitioner testified that Trial Counsel presented a plea offer to him on the second day of trial, Tuesday, February 28, 2006. According to the Petitioner, on this date, Trial Counsel "made [him] aware that the State was offering an eight year sentence." The Petitioner stated that he spoke with his family about the plea offer and then "signed, accepting the eight year plea bargain." However, "the victim – the prosecutor spoke with the victim and the victim's family. They didn't want to accept the plea. They didn't agree with it."

The Petitioner also testified about a plea offer which, according to him, was never conveyed to him. Specifically, the Petitioner testified, "the prosecutor mentioned that they made a 13 year offer and that the defendant declined, refused, but I never heard a 13 year offer." He stated that he learned about the thirteen-year plea offer "during the closing of the trial." He also testified, "if I would have received that offer, how I felt about the situation, I would have accepted. I signed for the eight, I would have signed for 13. But the 13 year sentence was never presented to me."

Additionally, with regard to whether any other plea offers were conveyed to the Petitioner, the following exchange took place between post-conviction counsel ("Q") and the Petitioner ("A"):

> Q: . . . Did [Trial Counsel] raise any offer to you from the State?
>
> A: Yeah. I signed for an eight year sentence, which supposedly turned down by the victim's family or whatnot. And the 13 year sentence I never heard of until the prosecutor mentioned it during the closing of the trial.
>
> Q: That's the only offer that he brought to you?
>
> A: Was the eight year sentence. Yes, ma'am.

On cross-examination, the Petitioner initially denied that there was a plea offer conveyed to him pre-trial. However, the Petitioner then stated,

> Well, before that was like – that was before I was even set to go to trial. It was something like 20 years and I never even considered accepting it. But on the day of trial the eight year sentence came, and I agreed to accept it and I signed for it and I was thinking everything was fine. I come back, he said the family rejected or the prosecutor didn't work out and so that was the end of the offer I ever heard.
>
> And then by the end of trial come, the prosecutor speak – we was talking about the sentencing or something, how much time they requesting, and he was asking about that. And they said, well, your Honor, we made a 13 year sentence to the defendant but they refused. And I never heard of a 13 year sentence.

One of the prosecutors in the Petitioner's case ("the Prosecutor") testified that she "was not on this case when it was actually set for trial." Rather, she stated that it was "the division leader's case, and he asked [her] to sit second on it." Nevertheless, she was aware

that "there was an offer of some nature in this case" and that "[i]t was not one that [the Petitioner] was forced to give an open plea to the court." With regard to what the plea offer was, she testified, "I'm sure it was nothing like eight years. I can't imagine it would have been a mitigated offer, given the heinous nature of the offense and particularly the way it transpired, but there was an offer of some nature in the case."

The Prosecutor testified that she typically "revoke[s] offers before trial." Although she again acknowledged that "[the case] wasn't mine," she stated, "[O]nce we started getting ready for trial, I was intimately involved in every detail of it. . . ." Thus, according to her, "we would have never, ever given the same offer on trial day, especially in this particular case." She added, "I wouldn't have given the same offer, let alone reduced it."

The Prosecutor testified that Trial Counsel "came to us with a counter offer on [the] trial date." Although she previously stated that she would not have reduced the original plea offer once the trial began, given the "traumatic experience that the victim had gone through and it being an aggravated rape," the Prosecutor discussed the counteroffer with the victim to ensure that the victim could go forward with the case and that the victim "didn't want anything reduced or any kind of minimum offer to be made [to the Petitioner]." She did not testify regarding the proposed sentence contained in the counteroffer.

At the conclusion of the post-conviction hearing, the post-conviction court inquired whether the trial judge "ever reviewed [with the Petitioner] what the offer was."[1] Failing to get a satisfactory response, the post-conviction court requested the transcript from the court reporter for the date the Petitioner's trial was set, September 15, 2005, to "see if there's any questioning of [the Petitioner] by the Judge about [the] offer." The court then withheld ruling on the petition until it could review the transcript.

Subsequently, on October 31, 2011, the post-conviction court issued its written ruling denying the Petitioner's petition for post-conviction relief. With regard to the Petitioner's claim that he received ineffective assistance of counsel because Trial Counsel did not convey a thirteen-year plea offer to him, the court held as follows:

> Petitioner has failed to present evidence to support a finding of deficient performance on the part of Trial Counsel with respect to [this] issue . . . . At the Post-Conviction Hearing, the issue of Petitioner's awareness of offers by

[1] The Prosecutor previously had testified during the post-conviction hearing that she had been in the trial judge's court "for a while then" and that it "would have been his practice to have voir dired [the Petitioner] about that offer and his rejection of the offer before we set it for trial." The Prosecutor, as previously stated, only knew that "there was an offer of some nature in the case," but she did not know the details regarding the plea offer.

the State was addressed at length, and a subsequent review of the record was conducted to determine whether [the trial judge] discussed these offers with Petitioner before the setting of a trial date. However, no transcript was found reflecting such inquiry at the September 15, 2005 court appearance. The absence of this proceeding on the record alone is not a sufficient basis for a claim of ineffective assistance of counsel. Therefore, this claim must fail.

In this appeal, the Petitioner contends that Trial Counsel was ineffective because he did not convey a thirteen-year plea offer to the Petitioner, which the Petitioner maintains was offered by the State.

## Analysis

### *Standard of Review*

Relief pursuant to a post-conviction proceeding is available only where the petitioner demonstrates that his or her "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). To prevail on a post-conviction claim of a constitutional violation, the petitioner must prove his or her allegations of fact by "clear and convincing evidence." Tenn. Code Ann. § 40-30-110(f) (2006). See Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). This Court will not overturn a post-conviction court's findings of fact unless the preponderance of the evidence is otherwise. Pylant v. State, 263 S.W.3d 854, 867 (Tenn. 2008); Sexton v. State, 151 S.W.3d 525, 531 (Tenn. Crim. App. 2004). We will defer to the post-conviction court's findings with respect to the witnesses' credibility, the weight and value of their testimony, and the resolution of factual issues presented by the evidence. Momon, 18 S.W.3d at 156. With respect to issues raising mixed questions of law and fact, however, including claims of ineffective assistance of counsel, our review is de novo with no presumption of correctness. See Pylant, 263 S.W.3d at 867-68; Sexton, 151 S.W.3d at 531.

### *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel at trial.[2] Both the United States Supreme Court and the Tennessee Supreme Court have

---

[2] The Sixth Amendment right to counsel is applicable to the States through the Fourteenth Amendment to the United States Constitution. See Gideon v. Wainwright, 372 U.S. 335, 342 (1963); State v. Howell, 868 S.W.2d 238, 251 (Tenn. 1993).

recognized that this right is to "reasonably effective" assistance, which is assistance that falls "within the range of competence demanded of attorneys in criminal cases." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The deprivation of effective assistance of counsel at trial presents a claim cognizable under Tennessee's Post-Conviction Procedure Act. See Tenn. Code Ann. § 40-30-103; Pylant, 263 S.W.3d at 868.

In this case, the Petitioner asserts that Trial Counsel's performance was ineffective because he did not convey a thirteen-year plea offer to the Petitioner which the Petitioner asserts he would have accepted instead of proceeding to trial. In order to prevail on a claim of ineffective assistance of counsel, the petitioner must establish two prongs: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. See Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The petitioner's failure to establish either prong is fatal to his or her claim of ineffective assistance of counsel. Goad, 938 S.W.2d at 370. Accordingly, if we determine that either prong is not satisfied, we need not consider the other prong. Id.

To establish the first prong of deficient performance, the petitioner must demonstrate that his lawyer's "acts or omissions were so serious as to fall below an objective standard of 'reasonableness under prevailing professional norms.'" Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006) (quoting Strickland, 466 U.S. at 688). Our supreme court has explained that "the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance." Baxter, 523 S.W.2d at 934-35 (quoting Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974)). Failure to communicate a plea offer to a defendant renders counsel's representation deficient. See Harris v. State, 875 S.W.2d. 662, 665-66 (Tenn. 1994); State v. Garrison, 40 S.W.3d 426, 430-31 (Tenn. 2000) ("The legal premise that counsel's failure to relate a plea offer to a defendant renders counsel's representation deficient was established by this Court in *Harris v. State*, 875 S.W.2d 662 (Tenn. 1994).").

As to the prejudice prong, the petitioner must establish a "reasonable probability that but for counsel's errors the result of the proceeding would have been different." Vaughn, 202 S.W.3d at 116 (citing Strickland, 466 U.S. at 694). "In cases where counsel did not convey a plea bargain offer to a defendant, however, the fair trial standard described above is not applicable." Garrison, 40 S.W.3d at 431. Instead, the following standard is applied:

In lieu of the "fair trial" test for prejudice arising out of claims of ineffective assistance in the plea stage, the United States Supreme Court has established a different standard . . . . In the context of a petitioner who seeks to reinstate (rather than withdraw) a plea offer, the petitioner must show that there is a reasonable probability that he or she would have accepted the plea had it been

properly communicated to him or her. Such a "reasonable probability" is defined as a "probability sufficient to undermine confidence in the outcome" of the proceedings.

Id. (citations omitted).

Turning to the Petitioner's specific allegation, we agree with the post-conviction court that the Petitioner failed to establish deficient representation on the part of Trial Counsel. First, the Petitioner has failed to establish by clear and convincing evidence the existence of a thirteen-year plea offer. According to the Petitioner's testimony, a twenty-year plea offer was presented to him pre-trial, and an eight-year plea offer was presented to him during trial.[3] However, he claims that an alleged thirteen-year plea offer never was presented to him by Trial Counsel which the Petitioner became aware of "during the closing of the trial" when the State mentioned to the trial court that "we made a 13 year sentence to the defendant but they refused."

It is evident from the testimony of Trial Counsel and the Prosecutor that some offer was made prior to trial. Trial Counsel testified, "I do recall that there was *an* offer. As far as what *it* was, I'd have to review the file again." (emphasis added). The Prosecutor testified that she was aware that "there was *an* offer of some nature in this case" and that "[*i*]*t* was not one he was forced to give an open plea to the court." (emphasis added). According to these witnesses, the State presented only one plea offer for the Petitioner's consideration, not multiple plea offers as the Petitioner claims, and, according to the Petitioner, a twenty-year plea offer was conveyed to him pre-trial. It is of no consequence that the post-conviction court did not locate a record reflecting that the trial judge reviewed the plea offer with the Petitioner. The trial judge was under no duty to review every plea offer with every defendant on the date that the defendant sets his or her case for trial. Moreover, based upon the Petitioner's assertion that he first learned of the alleged thirteen-year plea offer "during the closing of the trial," we have reviewed the trial transcript closely from the point after the time the defense concluded its proof. That review reveals no evidence of any such discussion with the trial court. Additionally, we also have reviewed the sentencing transcript and that review reveals no evidence of any such discussion with the trial court.

Trial Counsel's testimony established that Trial Counsel conveyed the State's plea offer to the Petitioner and that he gave the Petitioner the option to accept or to reject the plea offer. Moreover, Trial Counsel testified in detail regarding his concern that the Petitioner

---

[3] According to the Prosecutor's testimony, Trial Counsel presented a counteroffer to the State during the trial which was rejected by the victim. Thus, this eight-year plea offer allegedly presented to the Petitioner during the trial was, in fact, a counteroffer that Trial Counsel presented to the State. Indeed, the Petitioner's own brief also characterized this eight-year plea offer as a counteroffer.

would be convicted at trial and how he urged the Petitioner "to consider pleading" in light of his concern. At least by implication, the post-conviction court chose to credit Trial Counsel's testimony over the testimony of the Petitioner. We defer to the post-conviction court on issues of credibility. See Momon, 18 S.W.3d at 156.

For these reasons, the Petitioner has failed to establish that Trial Counsel's representation was deficient regarding the transmission of a plea bargain offer. Therefore, we need not address the prejudice prong. See Goad 938 S.W.2d at 370. Accordingly, the Petitioner is not entitled to post-conviction relief on the grounds of ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, the Petitioner has failed to establish that he is entitled to post-conviction relief. Therefore, we affirm the judgment of the post-conviction court denying relief.

_____
JEFFREY S. BIVINS, JUDGE